IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1997 SESSION

FILED

October 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| I. G. COURTNER, | ) | |
| | ) | C.C.A. NO. 03C01-9701-CR-00005 |
| Appellant, | ) | |
| | ) | JOHNSON COUNTY |
| VS. | ) | |
| | ) | HON. LYNN W. BROWN, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas corpus) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**ISAAC G. COURTNER, pro se**          **JOHN KNOX WALKUP**
TDOC no. 132603, Unit 10              Attorney General & Reporter
Northeast Correctional Center
P.O. Box 5000                        **MARVIN E. CLEMENTS, JR.**
Mountain City, TN   37683-5000       Asst. Attorney General
                                     450 James Robertson Pkwy.
                                     Nashville, TN  37243-0493

                                     **DAVID CROCKETT**
                                     District Attorney General
                                     Rt. 19, Box 99
                                     Johnson City, TN   37601

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner filed his "Motion to Dismiss and for Immediate Release" on September 18, 1996, alleging that his 1990 conviction for aggravated rape must be set aside pursuant to this Court's opinion in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville). Specifically, he claims that the indictment charging him with aggravated rape fails to allege an essential element of the crime and his conviction must therefore be set aside. The court below treated the petitioner's motion as a petition for writ of habeas corpus and denied it on the grounds that it failed to state a basis for relief. The petitioner appeals, claiming that the court below erred in treating his petition as one for a writ of habeas corpus and further contending that he is entitled to relief under Hill. We affirm the judgment below.

The indictment against the petitioner provides that he "did unlawfully and feloniously have sexual intercourse with [the victim], by the use of force and coercion, and did cause bodily injury, in violation of " T.C.A. § 39-2-603. In Hill, the indictment alleged merely that the defendant had "unlawfully sexually penetrate[d] [the victim] a person less than thirteen (13) years of age." This Court found that the use of the word "unlawfully" was not sufficient to allege the defendant's mens rea, an essential element of the offense. Accordingly, the indictment was found fatally defective.

The indictment in the petitioner's case is significantly different. In addition to alleging that the crime was committed "unlawfully," the indictment provides that the defendant committed the offense "feloniously" and "by the use of force and coercion." As pointed out by the State, Judge Tipton of this Court has previously considered

2

allegations similar to those of the petitioner's in which the defendant had been charged with "unlawfully and feloniously sexually penetrat[ing] [the victim] by use of force or coercion." See Charles Gates v. State, No. 03C01-9510-CC-00313, Bradley County (Tenn. Crim. App. Order filed Aug. 16, 1996, at Knoxville). In that case, Judge Tipton ruled as follows:

> Historically, the word 'feloniously' has meant '[p]roceeding from an evil heart or purpose; done with a deliberate intention of committing a crime.' As our supreme court has previously noted, 'one meaning attached to the word is: "In a legal sense, done with the intent to commit a crime." ' Certainly, these mental states that are necessarily inherent in the word 'feloniously,' as recognized in Tennessee for the better part of this century, would include a reckless mens rea, as such exists in the present law.
>
> An indictment is no less valid for failing to allege the offense in the words of the statute if it alleges the equivalent to those terms. Thus, the indictment, in charging aggravated rape, was and is jurisdictionally sufficient to support the entry of a judgment of conviction for rape. . . .

Id. (citations omitted). See also State v. John Haws Burrell, No. 03C01-9404-CR-00157, Anderson County (Tenn. Crim. App. filed Feb. 11, 1997, at Knoxville) (in which a panel of this Court adopted with approval Judge Tipton's conclusion that the term "feloniously" necessarily implies the mens rea of intentional, knowing or reckless). The same reasoning applies in this case. This issue is without merit.

The indictment charging the petitioner with aggravated rape is sufficient on which to base a valid conviction. The judgment below is therefore affirmed.[1]

_____
JOHN H. PEAY, Judge

_____

[1] Under the reasoning of this case, the result would be the same whether the petitioner's "motion" was treated as a writ of habeas corpus or as a petition for post-conviction relief. Accordingly, we find it unnecessary to address the petitioner's contention that the lower court erred in its characterization of his claim for relief.

3

CONCUR:


_____
DAVID G. HAYES, Judge


_____
WILLIAM M. BARKER, Judge

4